OPINION OF THE COURT
Herman Cahn, J.
This CPLR article 78 proceeding raises the issue of whether DHCR may substitute a different standard for that which is statutorily mandated, when the owner-applicant has an equity relationship with the contractor or supplier whose charges will be passed on to tenants. The court finds that the statute *718 does not permit substitution. However, the agency may more carefully scrutinize the submissions in view of the relationship.
This proceeding is brought by petitioners Artha Management, Inc., a realty management company (Artha); West 105th Street Associates, a general partnership which is owner of 120 West 105th Street, New York, New York (West); and Fort Independence Associates, a limited partnership which is the owner of 3340-3344 Fort Independence Street, Bronx, New York (Fort). Petitioners seek judgment annulling two orders of the respondent New York State Division of Housing and Community Renewal (DHCR).
One challenged order, dated July 27, 1988, affirmed an order (docket No. LCS000421-OM) of DHCR’s District Rent Administrator (DRA), which found that petitioners Artha and West had installed eligible building-wide major capital improvements (MCI) in the premises located at 120 West 105th Street. The petitioners requested rent increases based upon the amount actually expended of approximately $109,000 for the MCI.
The order appealed from limited the owner’s allowable costs to $98,600, using a schedule of costs issued by the New York City Department of Housing Preservation and Development (HPD). DHCR used such schedule because it had been used when HPD issued a certificate of eligibility to West for New York City "J-51” tax benefits.
West alleges that it should be awarded rent increases for $109,000 worth of MCI, which it claims is the actual cost of the improvements. In support of its claim, West asserts that the Rent Stabilization Law (RSL) and Code (RSC) mandate that MCI rent increases be based upon the total cost of the improvements, which is not the measure used in HPD’s J-51 schedule. Petitioners contend that the order should be annulled as arbitrary, capricious and lacking a rational basis in fact and law, due to the Division’s use of the "J-51” schedule, which amount was lower than the actual costs claimed by the owners.
In defense of the challenged order, the Division contends that the DRA limited the owner’s allowable costs, based on a finding that the president of the MCI contractor (ALL-Z Corporation) owned a 20% interest in the building, which interest mandated extra scrutiny on the part of the agency. DHCR asserts that use of the "J-51” cost schedule, rather *719 than the owner’s assessment of costs, is a rational means of determining a reasonable amount for costs. It maintains that due to the ownership interest of the contractor’s president, a neutral guideline for costs must be utilized, such as the "J-51” assessment.
The second challenged order, dated September 7, 1988, affirmed DRA’s order (docket No. BCS-000377-OM), which denied Artha and Fort’s request for MCI rent increases for the premises located at 3340-3344 Fort Independence Street. DRA had found that the ALL-Z Corporation, which performed the construction, had a 6.25% ownership interest in the subject property. Therefore, a potential conflict of interest was found to exist. Further, Fort was remiss in supplying requested supporting documentation to the DRA, which documentation was necessary to determine the reasonable cost and the total allowable cost of the improvement.
The owner of Fort had applied for "J-51” tax benefits and no certificate of eligibility had been issued at the time of the challenged order. Such schedule would have sufficed as an accurate indicator of costs and would have enabled DRA to apply the "J-51” figure for the MCI costs. However, since the issuance of the certificate was still pending, the Division dismissed the application without prejudice to the owner’s right to refile its application, when its certificate for "J-51” tax benefits was approved by HPD. The petitioners contend that this second order should be annulled on the grounds it raised concerning the first order.
Petitioners contend that DHCR’s use of the "J-51” cost schedule violates the requirements of the RSL and RSC, that rent increases be based on the total actual cost of the MCI. DHCR maintains that sound policy mandates that when an owner claims the expense of work done by a company, which has a financial interest in the premises, the bona fide nature of the transaction must be ascertained. The Division must verify actual expenses for work performed, prior to passing those costs on to the tenants, via rental increases.
The law is clear that "áh-administrative agency’s construction and interpretation of its own regulations and of the statute under which it functions is entitled to the greatest weight.” (Matter of Herzog v Joy, 74 AD2d 372, 375 [1st Dept 1980].) The RSL requires that the amount of the MCI be determined by the "cash purchase price exclusive of interest or service charges.” (Administrative Code of City of New York *720 § 26-511 [c] [6] [b].) The RSC (9 NYCR 2522.4 [a] [4]) states that the computation of rent increases shall be "l/60th of the total cost, including installation but excluding finance charges”. It is clear from the above statutes that the basis for determining the amount of the MCI is the actual cash cost of the improvements. The J-51 schedule which was used here is based on a different formula, and not the actual costs of the improvement. Thus, section 11-243 (b) of the Administrative Code of the City of New York sets the J-51 formula to be used as based on the reasonable costs of any such conversions, alterations or improvements. Reasonable costs and actual cash costs may be different. Reasonable costs may be higher or lower than actual cash costs.
The court agrees with DHCR, that where the contractor or supplier (or their principals) of the improvements have an equity interest in the owner, the figures must be extremely carefully scrutinized; very possibly the scrutiny must be more careful than the scrutiny in a normal case. (See, Ansonia Assocs. v State Div. of Hous. & Community Renewal, 144 AD2d 1040 [1st Dept 1988].)
However, the court does not agree that the equity interest of the supplier or contractor in the owner warrants substituting another basis for determining MCI from the statutorily authorized basis. Specifically, the court finds that what the agency could and should have done was to hold a more careful review of the costs because of the relationship.
In view thereof, both matters are remanded to respondent for further investigation and determination of the actual costs incurred by petitioner.
Insofar as the application of Fort is concerned, the agency properly required Fort to submit the J-51 certificate. The agency further was within its rights, and did not act arbitrarily or unreasonably in denying the application when the J-51 certification had not yet been made, with leave to renew after the certification had been received by Fort. In any event, since the certificate apparently has now been received, pursuant to this decision, the matter shall be reconsidered by the agency anew.